# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

ANGELIQUE HARRIS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-611-FHM

## OPINION AND ORDER

Plaintiff, Angelique Harris, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 18, 2008, application for child's insurance benefits and Supplemental Security Insurance benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah L. Rose was held March 31, 2010. By decision dated April 30, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 21, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 18 years old at alleged date of onset of disability.  She has a high school education and no past relevant work.  She claims to have been unable to work since June 2, 2008 as a result of borderline intellectual functioning, mood disorder, bipolar disorder, and hearing loss.  The ALJ determined that Plaintiff has the ability to perform work at all exertional levels with the limitation that she is limited to simple routine tasks and only occasional public interaction.  [R. 23].

## ALJ's Decision

Based on the testimony of a vocational expert, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity (RFC), jobs exist in significant numbers in the national economy that Plaintiff could perform.  [R. 30]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Arguments**

Plaintiff asserts that the ALJ failed to properly consider the treating source's opinion, failed to properly consider her credibility, and the RFC assessment is not supported by substantial evidence. The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

**Discussion**

Treating Source's Opinion

Plaintiff's treating physician, Dr. Mallgren, completed a Medical Source Opinion of Ability to do Work-Related Activities (Mental) form in which he indicated Plaintiff had marked or moderate limitations in every category listed on the form. [R. 213-214]. According to the testimony of the vocational expert there is no work one so limited could perform in the competitive market. [R. 556]. The ALJ rejected Dr. Mallgren's opinion that Plaintiff had such extreme limitations, stating that the objective signs and findings were inconsistent with those limitations. [R. 27].

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Even

if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir.2003) (quotation omitted). Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight ultimately assigned to the opinion. 20 C.F.R. § 404.1527(d)(2).

The ALJ throughly discussed the evidence in her decision. In addition, the ALJ noted the absence of testing to support some of Dr. Mallgren's conclusions, the lack of evidence in the record to support other conclusions, and information contrary to Dr. Mallgren's conclusions in other aspects of his opinion. The ALJ also noted Dr. Mallgren's report that Plaintiff has poor insight and judgment but found that observation supported the RFC capacity limited to simple routine tasks. [R. 27]. The ALJ thus indicated the areas in which Dr. Mallgren's opinion was rejected and the reasons therefore as well as the weight accorded his opinion. The Court finds that the ALJ gave specific legitimate reasons for rejecting Dr. Mallgren's opinion. Although the ALJ did not produce a checklist of the

*Watkins* factors listed above, the text of the opinion demonstrates that the ALJ considered most of them in determining the weight to accord Dr. Mallgren's opinion.

The Court finds no error in the ALJ's decision to credit the consultative examination report produced by Dr. Graybill over Dr. Mallgren's in regard to Plaintiff's ability to follow and retain simple directions. Dr. Graybill noted that Plaintiff was able to understand, follow, and retain simple instructions on the testing he performed but that her attention span and concentration abilities were significantly impaired. [R. 330]. The ALJ noted these observations and found that these limitations did not preclude the performance of simple routine tasks. [R. 28]. The Court notes Plaintiff's complaint that Dr. Graybill stated that Plaintiff's attention span and concentration abilities were "significantly impaired" while the ALJ characterized Dr. Graybill as stating only that those abilities were impaired, that fact does not deprive the ALJ's decision of substantial support in the record.

Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). However, a credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quotation omitted). Where a significant portion of the record evidence supports the testimony the ALJ must explain why he has determined that the testimony is not credible. Standard boilerplate language will not suffice. *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001), *see also* SSR 967p, 1996 WL 374186, at *4 (stating that

credibility determinations "must be grounded in the evidence and articulated in the determination or decision").

Plaintiff argues that the ALJ selectively reviewed the evidence and did not cite evidence to support the credibility finding. A review of the ALJ's decision demonstrates that this is not the case. The ALJ stated she took into account the relatively mild objective findings in the medical record with the testimony of Plaintiff and her sister about Plaintiff's abilities. The ALJ noted that testimony of Plaintiff's sister that Plaintiff is unable to even wash dishes or prepare simple meals was inconsistent with Plaintiff's own other statements in the record that she is able to perform household chores, take care of pets, and mow the lawn. [R. 28-29]. On the function report, Plaintiff reported she can do all household work and mow the lawn as long she is told what to do step-by-step. [R. 126]. Plaintiff made a similar report to the consultative examiner, [R. 329]. The ALJ found those abilities are consistent with the RFC for simple routine work.

Contrary to Plaintiff's assertion, the ALJ did not ignore the letter from the vocational teacher. The ALJ noted Mr. Lamont's report that he modified the curriculum for Plaintiff in the construction trades school and gave her additional time to complete assignments. The ALJ found that the information conveyed in Mr. Lamont's letter is an indication of Plaintiff's ability to perform the simple routine work of the RFC. [R. 25].

The Court finds that the ALJ set forth the specific evidence she relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and her determination on this matter is supported by substantial evidence in the record. Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors. However, the Court may not reweigh the evidence on appeal.

RFC Assessment

Plaintiff asserts that the RFC assessment is not supported by substantial evidence. because the ALJ asked the vocational expert a hypothetical question that included the completion of a high school education and the record contains information that Plaintiff read and spelled at 4.7 and 3.7 grade levels and took special education classes in high school.  The ALJ's hypothetical questioning to the vocational expert must relate all of the claimant's impairments with precision, or the resulting testimony from the vocational expert will not constitute substantial evidence to support the decision.  *Harris v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991).

Although the ALJ did not explain to the vocational expert that Plaintiff graduated from high school taking special education classes, she specified that Plaintiff was limited to performing simple routine tasks.  The ability to perform simple routine tasks is consistent with Dr. Graybill's finding that Plaintiff could understand, retain, and follow simple instructions and also consistent with Plaintiff's description of her own abilities.  Notably, Plaintiff has not argued that the jobs the vocational expert identified require the performance of advanced reading or math skills beyond her capabilities.  The Court further notes that under the relevant regulations, complete illiteracy is not necessarily a bar to employment.  *See* 20 CFR 404, Subpt. P, App. 2, Rule 201.23.  The Court finds that the RFC finding is supported by substantial evidence.

### Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 15th day of September, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE